HAY et al. v. ZEIGER et al.

(Supreme Court, Special Term, Kings County.   December, 1899.)

DISCOVERY—EXAMINATION OF ADVERSE PARTY BEFORE TRIAL.
    Code Civ. Proc. § 872, subd. 5, which requires it to be shown that the
    person to be examined by the adverse party before trial will not be able
    to attend the trial, does not apply to the examination of a party, but only
    to witnesses, and it is sufficient to show that his testimony is material, and
    necessary to the party seeking his examination.

Action by George T. Hay and another against George Zeiger and another.   Motion to vacate order for examination of defendant before trial.   Denied.

C. J. Stracht, for the motion.
Cowen, Wing & Putnam, opposed.

GAYNOR, J.   The learned counsel for the defendants finds no trouble in citing many decisions which seem to require that this order

be vacated. They arose in the First judicial department, and many others which also arose there could be added to his list. But they have not been followed in the rest of the state, and are not generally deemed binding by bench or bar. It is difficult to see why such a lot of technicalities should be thrown in the way of the examination before trial of a party to the action by the adverse party. The statutory provisions for such examination seem to justify no such technicalities. Code Civ. Proc. §§ 870–874. It is often said in the decisions, and is now said by counsel for the defendants, that such examinations must not be "fishing excursions." If a party wants to use the testimony of an opposite party to prove a certain fact within his knowledge, I do not know why he should not be permitted to probe his conscience for it, or "fish" for it if the phraseology of certain decisions on appeal must be followed. What the courts are after is the truth, and a system of technicalities and pitfalls should not be put in the way. The examination of a party may often simplify a trial by doing away with the necessity of calling a number of witnesses. That the party will be present at the trial is no reason for not taking his examination before trial. Subdivision 5 of the said section 872, requiring it to be shown that the person to be examined will not be able to attend the trial, does not apply to the examination of a party but only to witnesses. It is enough that the testimony of a party be shown to be material and necessary on the trial to the party seeking his examination, and that is the case here. The provisions of the Code say so, and the courts have no right to say otherwise. Nor do I know of any authoritative decision saying otherwise.

The motion is denied with $10 costs.